IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DWAYNE ACKIE,                                    :
                          Plaintiff              :          Civil Action No.: 19-cv-04275-GJP
                                                 :
         v.                                      :
                                                 :
PHILADELPHIA GAS WORKS and                       :
GAS WORKS EMPLOYEES' UNION LOCAL 686:
                          Defendants.            :


MIGUEL J. CHAVARRIA, JR.,                        :
                          Plaintiff              :          Civil Action No.: 19-cv-04428-GJP
                                                 :
         v.                                      :
                                                 :
PHILADELPHIA GAS WORKS and                       :
GAS WORKS EMPLOYEES' UNION LOCAL 686:
                          Defendants.            :


MAURICE A. GOODWIN,                              :
                          Plaintiff              :          Civil Action No.: 19-cv-04429-GJP
                                                 :
         v.                                      :
                                                 :
PHILADELPHIA GAS WORKS and                       :
GAS WORKS EMPLOYEES' UNION LOCAL 686:
                          Defendants.            :


WAYNE RAUCEO,                                    :
                          Plaintiff              :          Civil Action No.: 19-cv-04279-GJP
                                                 :
         v.                                      :
                                                 :
PHILADELPHIA GAS WORKS,                          :
                          Defendant.             :

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WAYNE RAUCEO,  :
        Plaintiff  :      Civil Action No.: 19-cv-04279-GJP
        :
    v.  :
        :
PHILADELPHIA GAS WORKS,  :
        Defendant.  :

**COUNSEL KARIN M. GUNTER'S RESPONSE[1]
PURSUANT TO THE DECMEBER 28, 2020 ORDER TO SHOW CAUSE**

**I.**    **PRELIMINARY STATEMENT**

The undersigned has been a member in good standing in this court since May 16, 2001.

During that time, I previously served on the court's Employment Panel and worked to serve

many litigants who often are marginalized most notably due to their status as racial minorities

and, as has become more apparent in these times, as essential workers. At the time of oral

arguments in this matter on December 3, 2020, the undersigned was counsel for 7 current and/or

former African American, black or brown employees of Defendant Philadelphia Gas Works

("PGW") and members of Defendant Gas Works Employees' Union Local 686 ("Local 686"),[2]

all of whom had employment discrimination cases in this court. The cases before this jurist

involves 4 of the then 7 litigants.[3]

During oral argument, the Court emphasized the "coincidences" in these matters,

referring to the undersigned as "hypersensitive" promoting a grand "conspiracy," *inter alia*. The

Court further cited the disqualification matter before Judge Marston along with this one as being

---

[1] Because the underlying motions were identical in all four plaintiffs' cases, the herein Response is likewise identical with the appropriate caption.

[2] Plaintiff Wayne Rauceo is not a member of Local 686, as he is a management level employee.

[3] The 4 plaintiffs in this matter work at PGW Passyunk Gas Processing Plant. The other 3 litigants worked/work in PGW's Field Services Department and/or Supply Chain Department.

a "trend" despite the undersigned 20 years of practice before this Court.  It is not.  The undersigned does not have a history of filing disqualification motions in this court, and certainly not because a ruling against a motion, argument or the like. Nor does the undersigned have a history of presenting to any court, federal or state, work that reflects lack of preparation, thorough and thoughtful legal investigation and the like.  The undersigned has presented such in the matters before this Court, with the apparent exception of the subject motion for disqualification, including but not limited to the motion for reconsideration in the Ackie matter and not presenting amended pleadings when the facts don't support it.

The Court now determines the undersigned is a "ringleader" concluding "perhaps thinking strength would lie in numbers sought out Mr. Green, gave him a copy of one of her motions and encouraged him to join in the fun."  As stated, I have been a sole practitioner for nearly 20 years and have not neither encouraged nor facilitated any counsel's involvement in decisions made in my clients' matters, nor have I taken the position that any legal matter is "fun."  Counsel Green and the undersigned sporadically shared information during the course of the few months of their limited communications.  Though the Court's frustration and annoyance with the undersigned is apparent, the above referenced conclusions reached by the Court and being used as the bases for its Rule 11 Motion are different.  Furthermore, given the climate in this country now, where real conspiracy theories abound resulting in violent outcomes, the undersigned writes in distinction.

## II.    STATEMENT OF FACTS

### Counsel Isaac Green

On September 17, 2019, Isaac Green and the law firm his represents filed a lawsuit against PGW on behalf of a former white employee in PGW's Field Services Department, Joseph Dean, alleging employment discrimination due to reporting the use of the N-word, *inter alia*. That case is docketed as 2:19-cv-04266-GJP (hereinafter "Dean Case").  Later that day, the

undersigned filed two lawsuits against PGW, one of which was also against Local 686 on behalf

of Plaintiffs Dwayne Ackie and Wayne Rauceo. Those cases were docketed as 2:19-cv-04275

and 2:19-cv-04279, respectively. Plaintiffs Ackie and Rauceo brought their actions based on

race, color and national origin discrimination as African American, black/brown employees.

     Later in the day on September 17, 2019, the undersigned received a text message from

another PGW client, who is not a part of these actions but is also suing the company for

employment discrimination based on race/color. That client provided a link to an article titled

"White man sues PGW, claiming he was fired for reporting racism." (Exhibit "A", caption only)

The PGW client who sent the link did not know of my actions in filing two lawsuits earlier in

the day. The article involved an interview with counsel Green regarding the Dean case. Eleven

days later, another PGW client, who is also not a part of these actions but who sued the company,

texted a screenshot of the same September 17, 2019 article.

     As stated to the Court in oral argument, my initial contact with counsel Green came

through another attorney at his law firm against whom I litigated a family law matter. (Exhibit

"B"). This initial contact occurred in July 2020. (*Id.*) Such professional interaction is neither

unusual nor uncommon. During the course of the July 2020 to November 18, 2020, none of our

communications were in person, but were limited in nature and scope including only emails, text

messages and a very few phone calls. Those communications involved limited discussions of our

independent actions based on our on firms' trial strategy and a few other matters. For instance,

one or two times the undersigned sought a referral for one of her clients whose case was

transferred to the Middle District of Pennsylvania. Counsel Green and the undersigned had no

telephonic communications related to the disqualification matter. Those communications were

by text messages and one email.

     Counsel Green filed his disqualification motion on November 18, 2020, less than 4

months after counsel's initial communications. As the Court noted, counsel Green used the

undersigned's motion almost verbatim resulting in what it determined as "largely plagiarized it and then file[d] it as his own." Counsel Green did not contact the undersigned before he filed his disqualification motion. The undersigned learned of it independent of counsel Green, and was surprised that he used her motion almost verbatim including all of her exhibits without consent or notice. When the undersigned contacted counsel Green about his nearly verbatim use of her motion, his response was, in part, "We do docket searches from time to time as a matter of course and your motion is a matter of public record."[4]

As the Court noted, counsel Green stated he has some 38 years of legal experience and is senior to the undersigned by approximately 18 years, and is in a law firm with partners and other counsel whose appearances are entered in the Dean case and with whom he can consult regarding legal strategy and stances including whether or not to filed a motion to disqualify. Furthermore, the Court equates giving counsel Green a document that is of public record with somehow equated "encouraging" and/or "facilitating" his independent motion. The facts do not support any such a determination.

**Deposition Dates**

Counsel for the parties exchanged several emails regarding depositions before and after the initial extension request in August 2020. Initially, the undersigned had technical problems with remote access and disclosed such to opposing counsel. The undersigned worked diligently to respond to deposition requests while the parties were working on providing document production disclosures including confidential documents, cooperating clients' schedules and responses, and she was working through her caseload that includes an active family law practice, which started audio and/or video hearings, conferences and the like on or about August and September 2020, after administratively cancelling all previously scheduled hearings, conferences

---

[4] Text message between counsel Green and Gunter on Nov. 18, 2020 at 4:52 p.m.

and the like earlier in the year from March 16, 2020 to December 31, 2020 due to COVID-19. Some of the email correspondence are attached. (Exhibit "C"). I did not ignore anything but remained in contact with opposing counsel while coordinating Plaintiffs' depositions and changing schedules. The timing of the depositions in these matters as well as the listing of family law hearing, conferences and the like proved overwhelming at times.

## III.   ISSUES TO ADDRESS

### A.   Adequate Investigation of Factual Claims

The undersigned provided factual claims in the motions as well as at oral argument including the Court's being a partner/member at the law firm of Cozen O'Connor from November 2012 to December 2014; the Court's entry of appearance for PGW, PFMC and Danella in the post-trial appeal in the Commonwealth court, and included the docket of the same as an exhibit, which included dates of entry and briefings; the nature of the Harris v. Philadelphia Facilities Management Corp. action; and Cozen's work as outside counsel for PGW from fiscal years 2010 through 2014, *inter alia*. As stated at oral argument, the undersigned had an exhibit prepared by Schumaker & Company, Exhibit III-70, as a part of an audit report for Pennsylvania Public Utility Commission, which identified Cozen O'Connor as a Special Legal – Law Firm that performed outside counsel services for PGW during fiscal years 2010 to 2014, inclusive. The rest of the Court's factual claims as presented its underlying memorandum were unknown to the undersigned.

### B.   Relevant Legal Authority

The undersigned did review legal authority in the cases of for 28 U.S.C. § 455(a) in addition to the ones cited in her memoranda: Liteky v. United States, 510 U.S. 540 (1994)("extrajudicial source" doctrine implications); U.S. v. Mitan, No. 08-760-1, 2009 U.S.Dist. LEXIS 18867 (E.D. Pa. Mar. 11, 2009)(Baylson, J), and Cooney v. Booth, 262 F.Supp.2d 494 (E.D. Pa. 2003)(Robreno, J) as well as the Code of Conduct for United States

Judges, *inter alia*.  As acknowledged at oral argument, the undersigned did not review or cite

Cipollone v. Liggett Grp, Inc. case.

### C.  Allegations Against Opposing Counsel

Similar to the Court's questioning at oral argument, this issue as presented by the Court is

one that the undersigned is unable to give the Court an answer, which he would accept given its

tenor.  Therefore, I will not but will acknowledge that I am not privy to discussions amongst

PGW counsel and between PGW and Local 686 counsel.

### D.  Counsel Green

I previously addressed the counsel Green and his independent decision to file a motion to

disqualify, *supra*.

## IV.    CONCLUSION

The undersigned did not present the subject motion to dismiss for any improper purpose.

It was not presented because the Court denied my second request for an extension of time to

complete fact discovery or because the undersigned is a conspiracy theorist or hypersensitive.

Nor did the undersigned communicate with counsel Green, a more experienced and senior

counsel, to gain some type of strength in numbers advantage.  The undersigned has four cases

with this Court against PGW and three against Local 686.  Submitting my own motion and

memorandum again for a fifth time was neither advantageous, warranted nor contemplated.  As

counsel Green and the undersigned had done sporadically during the very short course of almost

4 months, the interaction was simply sharing.  The undersigned filed the motion for what I

believed very viable legal reasons for such a motion under 28 U.S.C. § 455(a).

Neither should any of my clients be punished for these motions.  They are all hard

working, family men who have brought before this Court actions for discrimination based on the

merits of their claims.  As there are motions for summary judgment outstanding, which the

undersigned will respond to, they should be permitted to complete their actions through the

normal course of these litigations.

Finally, the undersigned is very aware how the Court is leaning and would only ask that it consider the facts as presented herein in its decision.  In a nearly 20 year career as a sole practitioner with a full family law and employment law practice, a member in good standing in the Eastern District of Pennsylvania with 48 cases and a member in good standing in the Commonwealth of Pennsylvania which includes practice primarily in Philadelphia, Montgomery and Delaware counties, *inter alia*, I am chagrined to be in this position but will have to accept the consequences.

**Respectfully submitted,**

*/s/ Karin M. Gunter*
Karin M. Gunter, Esquire
PA Id No.: 79852
Law Office of Karin M. Gunter
85 Old Cedarbrook Road
Wyncote, PA 19095
(215) 548-9992 (phone)
Email: Kgunterlaw2@gmail.com
Date: January 15, 2021                   Counsel for Plaintiff  Wayne Rauceo



## White man sues PGW, claiming he was fired for reporting racism

**CHERRI GREGG**
SEPTEMBER 17, 2019 - 5:00 PM





**CATEGORIES:** Local News

Jackpot Winner: You're Playing Slots Wrong

EXHIBIT "A"

 Gmail                                    **Karin Gunter <kgunterlaw2@gmail.com>**

## PGW

**Karin Gunter** <kgunterlaw2@gmail.com>                    Fri, Jul 24, 2020 at 6:23 PM
To: "Shabrei M. Parker, Esquire" <Shabrei@minceyfitzross.com>

Ms. Parker:

I don't know if you remember me, but we were opposing counsel briefly on the Warren divorce matter.  You represented Damond Warren, and I represented his ex-wife Candace Warren.

Hope all is well with you. I am reaching out to you because I represent several PGW employees who have brought various discrimination lawsuits against their employer.  In fact, on the same day in September 2019, I filed two of my cases on the same day attorneys at your firm filed a suit against PGW on behalf of Joseph Dean and his wife.  I noticed that PGW CEO Craig White and others were terminated from the case, *inter alia.*.

The reason for my email is simply to see if I can communicate with your associates on the PGW matter to share insights.

Thank you for your consideration.

Karin M. Gunter, Esquire

**EXHIBIT "B"**

 Gmail

**Karin Gunter <kgunterlaw2@gmail.com>**

## PGW

**Shabrei M. Parker, Esq.** <shabrei@minceyfitzross.com>     Sun, Jul 26, 2020 at 8:37 PM
To: Karin Gunter <kgunterlaw2@gmail.com>, Ike Green <ikegreen66@gmail.com>

Hi Karin,

Thanks for reaching out. That's such a coincidence. By this email I have connected you with Issac Green, the attorney who is heading our litigation against PGW.

Good luck!

Shabrei



MINCEY | FITZPATRICK | ROSS, LLC
**Shabrei M. Parker, Esq.**
Two Penn Center
1500 JFK Boulevard, Suite 1525
Philadelphia, PA 19102 · 215 587 0006 (P) · 215 587 0628 (F)

*This electronic transmission and any documents accompanying this electronic transmission may contain privileged and confidential attorney-client information, and are intended for the confidential use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this electronically transmitted information is strictly prohibited. If you have received this electronic transmission in error, please notify the sender immediately by sending a return message, and destroy the message you received. Thank you.*

[Quoted text hidden]

Case 2:19-cv-04279-GJP   Document 40   Filed 01/15/21   Page 12 of 23

 Gmail                                    **Karin Gunter <kgunterlaw2@gmail.com>**

---

# Ackie, Goodwin, Chavarria and Rauceo v. PGW

---

**Karin Gunter <kgunterlaw2@gmail.com>**                    Fri, Aug 21, 2020 at 8:22 AM
To: "Zahorchak, Brett A" <Brett.Zahorchak@pgworks.com>

GM.

Thanks for responding.  I will let my clients know to request the time off for September 8, 2020.

What dates are you looking to take their depositions?  I think it's best for counsel to identify their dates of availability.  I just committed myself (not a firm commitment because I'm waiting for a response) to the week of September 14 in another matter.  I also have Family Court dates that have been scheduled for virtual hearings and conferences.

The dates I am currently available in September are: 3, 4, 10, 21, 22, 25, 29 and 30.  For October, the dates are: 1, 2, 5, 7-9, 13-16, 19, 23, 26-30.

Let me know your availability on those dates, and then I can confirm dates with my clients.  We should also schedule the witnesses I currently seek from PGW at the same time, so we can lock in dates.  PGW witnesses Plaintiffs currently seek depositions for, again, are: Brian McGuire, David Martinez, Ryan O'Donnell, John Walker and Wallace Benson.  We reserve the right to seek others as needed.

Thank you.
Karin


[Quoted text hidden]


**EXHIBIT "C"**

Case 2:19-cv-04279-GJP   Document 40   Filed 01/15/21   Page 13 of 23

 Gmail

**Karin Gunter <kgunterlaw2@gmail.com>**

# Ackie, Goodwin, Chavarria and Rauceo v. PGW

**Zahorchak, Brett A** <Brett.Zahorchak@pgworks.com>                Fri, Aug 21, 2020 at 8:58 AM
To: Karin Gunter <kgunterlaw2@gmail.com>
Cc: "Charles T. Joyce" <CTJoyce@spearwilderman.com>, Nick Botta
<NBotta@spearwilderman.com>

Karin,

Great, thank you so much. I am copying Chuck and Nick so they can provide availability as well. I will be in depositions all day today, but on Monday I will get dates for the PGW witnesses you have identified.

Of the dates you have provided, the following work for me:

September 10, 21, 22, 25, 29, and 30

Any of the dates in October.

Chuck and Nick, if we could get 4 dates that everyone is available, we can get the Plaintiffs' depositions on the calendar. I would prefer to the do the Plaintiffs as early in September as possible.

Thanks!

[Quoted text hidden]

 Gmail                                    **Karin Gunter <kgunterlaw2@gmail.com>**

---

## Ackie, Goodwin, Chavarria and Rauceo v. PGW

**Charles T. Joyce** <CTJoyce@spearwilderman.com>            Mon, Aug 24, 2020 at 10:21
                                                                                        AM
To: "Zahorchak, Brett A" <Brett.Zahorchak@pgworks.com>, kgunterlaw2
<kgunterlaw2@gmail.com>
Cc: Nick Botta <NBotta@spearwilderman.com>

Everyone,

My availability for depositions on the identified dates over the next 60 days is as follows:

September 22, 29

October 1-2, 13-16, 19, 20, 23, and 26-30

Thanks, Chuck

*Orders issued in multiple counties in Pennsylvania and New Jersey require our offices to be*
*physically closed. Because all staff are working remotely, all documents (including*
*correspondence, pleadings, and discovery) will be served via e-mail until further notice . Because*
*we may not receive regular mail or other deliveries during this period of time, please e-mail*
*copies of anything you send by regular mail or delivery. Send all e-served documents in your*
*case to the e-mail addresses for any Spear Wilderman attorney who has appeared in your case,*
*or who has communicated with you by e-mail on your matter.*

**Charles T. Joyce**
Spear Wilderman, P.C.
230 S. Broad Street, Suite 1400
Philadelphia, PA 19102
Phone: (215) 732-0101
Fax: (215) 732-7790
ctjoyce@spearwilderman.com

CONFIDENTIALITY NOTICE: This e-mail transmission and the attachments accompanying it may contain
confidential information from the law firm of Spear Wilderman, P.C. which is protected by the attorney-client

Case 2:19-cv-04279-GJP    Document 40    Filed 01/15/21    Page 15 of 23

 Gmail

**Karin Gunter <kgunterlaw2@gmail.com>**

---

# Ackie, Goodwin, Chavarria and Rauceo v. PGW

---

**Nick Botta** <NBotta@spearwilderman.com>                    Mon, Aug 24, 2020 at 10:48 AM
To: "Charles T. Joyce" <CTJoyce@spearwilderman.com>, "Zahorchak, Brett A"
<Brett.Zahorchak@pgworks.com>, kgunterlaw2 <kgunterlaw2@gmail.com>

Good morning,

Of those dates, I am available 9/22, 9/29, 10/1-2, 10/13-15, 10/20, 10/26-30, subject to Union deponent availability once identified.

Thank you,

*Orders issued in multiple counties in Pennsylvania and New Jersey require our offices to be physically closed. Because all staff are working remotely, all documents (including correspondence, pleadings, and discovery) will be served via e-mail until further notice . Because we may not receive regular mail or other deliveries during this period of time, please e-mail copies of anything you send by regular mail or delivery. Send all e-served documents in your case to the e-mail addresses for any Spear Wilderman attorney who has appeared in your case, or who has communicated with you by e-mail on your matter.*

**Nick Botta**
Spear Wilderman, P.C.
230 S. Broad Street, Suite 1400
Philadelphia, PA 19102
Phone: (215) 732-0101
Fax: (215) 732-7790
nbotta@spearwilderman.com

CONFIDENTIALITY NOTICE: This e-mail transmission and the attachments accompanying it may contain confidential information from the law firm of Spear Wilderman, P.C. which is protected by the attorney-client privilege or the work product privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

[Quoted text hidden]

 Gmail                                    **Karin Gunter <kgunterlaw2@gmail.com>**

## Ackie, Goodwin, Chavarria and Rauceo v. PGW

**kgunterlaw2** <kgunterlaw2@gmail.com>                    Mon, Aug 31, 2020 at 9:20 AM
To: "Zahorchak, Brett A" <Brett.Zahorchak@pgworks.com>
Cc: Nick Botta <NBotta@spearwilderman.com>, "Charles T. Joyce"
<CTJoyce@spearwilderman.com>

Brett:

I am and have been trying to get my clients' availability for the depositions. As far as you
waiting since July, I don't recall affirming that my clients nor I were available at that time since
not all document production was complete and my available was in question. That is one of the
reasons I sought an extension.

With respect to the confidential documents, you were explicit in stating, when I requested the
extension of time, you wanted the judge to know that PGW " has been willing to provide the
documents subject to a confidentiality agreement and 502(d) order at all times." And then you
later asked until August 28th to produce the documents. I don't have any problems with
extending time and considering each counsel's workload, but it is a concern when you represent
the time that you're waiting for things and not consider that Plaintiffs are also waiting on PGW
for responses in these matters.

Thank you for responding with Brian McGuire's and John Walker's availabilities. I will be
contacting counsel to affirm deposition scheduling.

Karin M Gunter Esquire
Counsel for Plaintiffs

Sent via the Samsung Galaxy S®6 active, an AT&T 4G LTE sM Gunter Esquire martphone
[Quoted text hidden]

 Gmail

**Karin Gunter <kgunterlaw2@gmail.com>**

---

## Ackie, Goodwin, Chavarria and Rauceo v. PGW

---

**kgunterlaw2** <kgunterlaw2@gmail.com>          Mon, Aug 31, 2020 at 11:09 AM
To: "Zahorchak, Brett A" <Brett.Zahorchak@pgworks.com>
Cc: Nick Botta <NBotta@spearwilderman.com>, "Charles T. Joyce"
<CTJoyce@spearwilderman.com>

Brett:

You don't have to agree with my characterization(s). The facts are as they are, no need for characterizations. And yes, if I am having problems gaining remote access, then my availability is the issue. It doesn't make sense to engage in depositions of the parties, if document production/discovery aren't resolved, which in these cases they still aren't.

Further, I don't have a confidentiality agreement signed by a representative from PGW either. However, based on the confidentiality stipulation, there is no need for the parties to execute an agreement. It's my understanding that paragraph 8B allows the parties to receive the confidential information without the execution of an agreement statement.

Maurice Goodwin just confirmed that he is available on any of the dates. I am no longer available on October 5th, so that date is out for me. Once I receive confirmation from my other clients, I will notify all parties.

Thank you
Karin M Gunter Esquire


[Quoted text hidden]

---

 Gmail                                 **Karin Gunter <kgunterlaw2@gmail.com>**

# Ackie, Goodwin, Chavarria and Rauceo v. PGW

**Zahorchak, Brett A** <Brett.Zahorchak@pgworks.com>                    Mon, Aug 31, 2020 at 11:16 AM

To: kgunterlaw2 <kgunterlaw2@gmail.com>
Cc: Nick Botta <NBotta@spearwilderman.com>, "Charles T. Joyce" <CTJoyce@spearwilderman.com>

Karin:


The confidentiality agreement is separate from the stipulation. We agreed that they would be signed and provided. They are particularly important in a case like this with current employees. I will produce the documents to you without the signed agreements with the understanding that you will not share them with the plaintiffs until they provide the signed agreements. Will you agree to that? Please let me know as soon as possible so we can proceed.


I plan to return the signed agreements from a PGW representative when I send you the document production.

[Quoted text hidden]

 Gmail

**Karin Gunter <kgunterlaw2@gmail.com>**

## Ackie, Goodwin, Chavarria and Rauceo v. PGW

**kgunterlaw2** <kgunterlaw2@gmail.com>                   Mon, Aug 31, 2020 at 3:14 PM
To: "Zahorchak, Brett A" <Brett.Zahorchak@pgworks.com>
Cc: Nick Botta <NBotta@spearwilderman.com>, "Charles T. Joyce"
<CTJoyce@spearwilderman.com>

Counsel:

I just heard back from Miguel Chavarria concerning his availability for the deposition dates. He
is available all day on the following days:

September 10, 21 and 25
October 2, 7-9, 13-16, 19, 23, 26-30

Thank you.
Karin M Gunter, Esquire
[Quoted text hidden]

 Gmail

**Karin Gunter <kgunterlaw2@gmail.com>**

## Ackie, Goodwin, Chavarria and Rauceo v. PGW

**kgunterlaw2** <kgunterlaw2@gmail.com>                          Wed, Sep 2, 2020 at 8:33 AM
To: "Zahorchak, Brett A" <Brett.Zahorchak@pgworks.com>
Cc: Nick Botta <NBotta@spearwilderman.com>, "Charles T. Joyce"
<CTJoyce@spearwilderman.com>

Counsel:

Dwayne Ackie is available on October 1 and 14.

Wayne Rauceo is available on September 25  and October 9.
[Quoted text hidden]

Case 2:19-cv-04279-GJP    Document 40    Filed 01/15/21    Page 22 of 23

 Gmail

**Karin Gunter <kgunterlaw2@gmail.com>**

## Ackie, Goodwin, Chavarria and Rauceo v. PGW

**Charles T. Joyce** <CTJoyce@spearwilderman.com>          Wed, Sep 2, 2020 at 8:51 AM
To: kgunterlaw2 <kgunterlaw2@gmail.com>
Cc: "Zahorchak, Brett A" <Brett.Zahorchak@pgworks.com>, Nick Botta
<NBotta@spearwilderman.com>

I am available Oct 1 but not Oct 14 for Ackie.

Sent from my iPad

> On Sep 2, 2020, at 8:34 AM, kgunterlaw2 <kgunterlaw2@gmail.com> wrote:
>
>
> [Quoted text hidden]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WAYNE RAUCEO,                    :
                Plaintiff        :         Civil Action No.: 19-cv-04279-GJP
                                 :
       v.                        :
                                 :
PHILADELPHIA GAS WORKS,          :
                Defendant.       :

### CERTIFICIATE OF SERVICE

I, Karin M. Gunter, Esquire, hereby certify that a true and correct copy of the Response

Pursuant to the December 28, 2020 Order to Show Cause of counsel Karin M. Gunter was served

on the below named counsel of record for Defendant via electronic transmission pursuant to

Fed.R.Civ.P. 5(d)(3):

Brett A. Zahorchak, Esquire
Philadelphia Gas Works
800 W. Montgomery Avenue, 4th Floor
Philadelphia, PA 19122
Telephone (215) 684-6647
Facsimile (215) 684-6798

Email: Brett.Zahorchak@pgworks.com

Charles T. Joyce, Esquire
Nick Botta, Esquire
Spear Wilderman, PC
230 S. Broad Street, Suite 1400
Philadelphia, PA 19102
Telephone: (215) 732-0101
Facsimile: (215) 732-7790
Email: CTJoyce@spearwilderman.com
Email: NBotta@spearwilderman.com

**Respectfully submitted,**

*/s/ Karin M. Gunter*
Karin M. Gunter, Esquire
PA ID No.: 79852
Law Office of Karin M. Gunter
85 Old Cedarbrook Road
Wyncote, PA 19095
(215) 548-9992 (phone)
(215) 548-7277 (facsimile)
Email: Kgunterlaw2@gmail.com
**Counsel for Plaintiff Wayne Rauceo**

Date: January 15, 2021